In the Matter of a Member of the Bar of the Supreme Court of Delaware JOSEPH N. GIELATA, Respondent,
No. 373, 2007, ConfidentialBoard Case No. 51, 2004.
Supreme Court of Delaware.
Submitted: August 22, 2007.
Decided: August 28, 2007.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
DAVID FERRY, Jr.
This 28th day of August 2007, it appears to the Court that the Board on Professional Responsibility has filed a Report on this matter pursuant to Rule 9(d) of the Rules of the Delaware Lawyers' Rules of Disciplinary Procedure. Neither the Respondent nor the Office of Disciplinary Counsel has filed objections to the Board's Report. The Court has reviewed the matter pursuant to Rule 9(e) of the Rules of the Delaware Lawyers' Rules of Disciplinary Procedure and concludes the Board's Report should be approved.
NOW, THEREFORE, IT IS ORDERED that the Report filed by the Board on Professional Responsibility on July 24, 2007, (copy attached) is hereby APPROVED.
The Court hereby imposes a public reprimand. The Office of Disciplinary Counsel is directed to file within ten days of the date of this Order the costs of the disciplinary proceedings. Thereafter, the Respondent is directed to have all costs paid within thirty days.
The matter is hereby CLOSED.

REPORT OF THE BOARD ON PROFESSIONAL RESPONSIBILITY
The Panel of the Board on Professional Responsibility appointed to hear this matter consisted of David J. Ferry, Jr., Esquire (Chair), Richard A. Levine, Esquire, and Mr. Fred C. Sears, II. A hearing was held in the Supreme Court Courtroom in Wilmington, Delaware on May 16, 2007. The Office of Disciplinary Counsel ("ODC") was represented by Patricia Bartley Schwartz, Esquire, and Respondent, Joseph N. Gielata, was present at the hearing and represented himself.

BACKGROUND
A petition for discipline was filed against the respondent by the ODC on March 21, 2007. The petition alleged five violations of the Delaware Lawyers' Rules of Professional Conduct ("the Rules") as follows:
COUNT ONE: The respondent counseled a client and assisted in fraudulent conduct in violation of Rule 1.2(d).
COUNT TWO: In violation of Rule 33(b), the respondent represented a client in a court proceeding knowing that the client had engaged in fraudulent conduct.
COUNT THREE: The respondent committed a criminal act that reflects adversely on his honesty and trustworthiness in violation of Rule 8.4(b).
COUNT FOUR: The respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Rule 8.4(c).
COUNT FIVE: The respondent engaged in conduct that is prejudicial to the administration of justice in violation of Rule 8.4(d).
In response to the Petition for Discipline, the respondent filed an Answer to Petition for Discipline on or about April 10, 2007. The respondent denied all five of the alleged violations. The respondent also asserted affirmative defenses as more particularly set forth in his Answer to Petition for Discipline referred to above.
In advance of the hearing, the Chair conducted a brief pre-trial conference by phone with counsel for ODC and the respondent. The parties confirmed that they had exchanged information, that the respondent would be the only witness to testify at the hearing, and that there would be a minimal number of exhibits presented at the hearing. At the time of the hearing, the ODC presented two exhibits: Exhibit 1, a copy of a Complaint filed by the respondent as counsel for Wayne C. Chen against Pay Pal, Inc. on or about March 19, 2004 and Exhibit 2, a transcript of a plea and sentencing hearing conducted in the Superior Court of the State of Delaware on May 9, 2006 before The Honorable T. Henley Graves. Also, in advance of the presentation of testimony, the ODC dismissed Count One which alleged a violation of Rule 1.2(d) and Count Two which alleged a violation of Rule 3.3(b).

EVIDENCE PRESENTED
The Panel proceeded with the hearing after receiving brief comments from counsel regarding the burden of proof and relevant case law. The respondent was called to testify by the ODC. The respondent was admitted to the Delaware Bar in February, 2003. He confirmed that he paid $2,970.00 for paintings that he purchased from a friend by means of Pay Pal. He purchased those paintings pursuant to the money back guarantee (MBG) offered by Pay Pal. Respondent acknowledged that he had to make a good faith attempt to resolve any dispute with the party from whom he purchased the paintings. Respondent confirmed that he filed a claim on November 25, 2003 with Pay Pal and shipped the paintings to them seeking to be reimbursed under the MBG. Pay Pal refunded him the purchase price for the paintings. Thereafter, on December 8, 2003, Mr. Chen bought three paintings from the respondent for a total of $2,983.00. Mr. Chen also paid the respondent via Pal Pay and purchased a MBG from Pay Pal. On December 17, 2003, Mr. Chen shipped the three paintings to Pay Pal and filed the money back guarantee claim, but Pay Pal did not reimburse Mr. Chen for one of his claims. Thereafter, on March 19, 2004, on behalf of Mr. Chen, the respondent file a complaint against Pay Pal in the Delaware Justice of the Peace Court No. 13.
In the Complaint filed by respondent for Mr. Chen, the plaintiff sought $995.00 in damages, treble damages, and attorney's fees. Respondent did not disclose in the Complaint that he was the seller of the paintings and he later dismissed that Complaint in June, 2004. Thereafter, on July 25, 2005, respondent was charged in the Superior Court of the State of Delaware with multiple counts of theft in violation of 11 Del. C. §841 and conspiracy second decree in violation of 11 Del. C. §512.
On May 9, 2006, respondent appeared before The Honorable T. Henley Graves of the Superior Court at which time respondent entered a plea to misdemeanor theft in exchange for the dismissal of all other remaining charges. The plea was a probation before judgment plea and pursuant to §4218 of the criminal code, the respondent admitted that he was guilty of theft and his sentencing was deferred under the statute as he was placed on probation before judgment status. Respondent confirmed that he thereafter completed the conditions of the probation and the case has been dismissed and that he has also made restitution by tendering a check for $2,970.00 to Pay Pal's counsel, and also agreed to pay Pay Pal's attorney's fee in connection with responding to the Justice of the Peace Court Complaint.
Respondent acknowledged that this had been traumatic experience for him, that he greatly regrets the incident, and hopes that he can have the opportunity to move forward and put it behind him and contribute as a Delaware attorney.
In presenting his own case, the respondent introduced three documents into evidence without objection. His documents were the User Agreement for Pay Pal Service and the Money Back Guarantee Policy under the User Agreement for Pay Pal Service. These exhibits were admitted as respondent's Exhibits with the User Agreement being respondent's Exhibit 1, the Money Back Guarantee Policy being Exhibit 2, and his charge dismissal document being Exhibit 3.
Respondent pointed out in his testimony that at the time he entered into these transactions, he closely read the contract, which he considered an adhesion contract. His reading of the contract at the time was that these transactions were not inconsistent with the contract and were permitted by the contract and allowed by the contract. Respondent testified that more attention should be paid to the money Back Guarantee Policy because under his reading of the contract, there was nothing prohibiting a transaction that would not be considered arm's length. In response to some further questioning by members of the Panel, respondent acknowledged that he was the artist who did the paintings that were sold to Mr. Chen and that he paid all of the attorney's fees incurred by Pay Pal in the litigation. Respondent also acknowledged that he knew Mr. Chen as a high school classmate, that he was not certain at the time he purchased the paintings that he planned to keep them and that the charges brought against Mr. Chen were dismissed.
After submission of closing arguments, the Panel recessed for deliberations. After returning from its recess and announcing that the Panel unanimously agreed that the ODC had established clear and convincing evidence of violations of Rule 8.4(b), 8.4(c), and 8.4(d), the matter moved to a brief sanctions phase. Counsel for the ODC provided a number of cases to the Panel to determine the appropriate sanction. Respondent received copies of those cases. Counsel for the ODC argued that the respondent's conduct was knowing, that he was aware of the nature or attendant circumstances of his conduct, and that he knowingly engaged in a fraudulent scheme to deceive Pay Pal. Respondent's conduct caused injury to Pay Pal and to his client, Mr. Chen. Pay Pal suffered theft of funds and had to retain an attorney to defend itself in the J.P. Court action and Mr. Chen was exposed to criminal prosecution as a result of this scheme. Counsel for the ODC enumerated the factors for the Board to consider and argued that suspension would be the appropriate sanction based on an analysis of the first three factors of the ABA Standards, however, mitigating factors in this case warranted a decrease in the sanction. The ODC advised that the Board should consider the absence of a prior disciplinary record, inexperience in the practice of law, imposition of other penalties and sanctions through the Justice of the Peace Court matter and criminal proceedings, remorse and disclosure. Ultimately, counsel for the ODC argued that a public reprimand would be an appropriate sanction. The ODC also requested restitution for the ODC costs of the investigation which were stated to be nominal.
The respondent presented his argument. He presented to the Board four character reference letters which were received without objection. He spoke of how this matter had overshadowed his life for three years, the humiliation he had experienced as a result of the criminal proceeding, the financial impact, and his remorse. Respondent indicated that one aspect of the transaction was his intention to benefit the public in some sense. He provided the Board with an article he read before filing suit against Pay Pal entitled "Any One Ever Manage to Claim on Pay Pal's Money Back Guarantee" which is an article published in a United Kingdom publication called The Register. He believed that there were a number of practices of Pay Pal that deserved scrutiny. He also acknowledged that this was something that should not have happened and that he had made a significant mistake. He confirmed that he left the firm for which he worked when the charges were brought and began his own practice in the year 2005. He addressed the cases that were argued by the ODC and requested a private admonition.

DECISION AND RECOMMENDATIONS
The Panel finds that the respondent violated Rules 8.4(b), 8.4(c), and 8.4(d). The Panel believes that the ODC is correct that the guilty plea, even in a probation before judgment situation where charges are ultimately dismissed and the case is closed, can still be used as an admission in a proceeding of this nature. The Panel believes that the evidence presented showed by clear and convincing evidence that there was a scheme, an ill conceived plan to get together with a friend, sell paintings to each other, make claims against Pay Pal and then pursue legal action to recover not only the Money Back Guarantee, but treble damages and attorney's fees. After further deliberations, regarding the appropriate sanction, it was the unanimous decision of the Panel to recommend a public reprimand and request that the ODC release only that Respondent was charged to have violated the Rules of Professional Conduct in connection with the litigation and claim against Pay Pal, that respondent disputed that his conduct was improper but has expressed remorse for his conduct. Respondent should also pay the ODC's costs in this disciplinary matter promptly upon a presentation of a statement of costs by the ODC.